IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES R. GETZ, JR., Petitioner, | ) | |
| v. | ) | C.A. No. 24-949 (MN) |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents. | ) | |

# MEMORANDUM OPINION

Charles R. Getz, Jr. – Pro se Petitioner.

Kathryn J. Garrison, Deputy Attorney General, Delaware Department of Justice, Dover, DE – Attorney for Respondents.

August 27, 2026
Wilmington, Delaware

Maryellen Noreika

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner Charles R. Getz, Jr., is an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. On February 20, 2026, the Court issued a Memorandum Opinion and Order requiring to Petitioner show cause why his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time barred. (D.I. 29, 30). Petitioner filed a response,[1] to which Respondents filed a reply in which they argue that Petitioner's habeas claims should be dismissed as untimely. (D.I. 31, 32). Petitioner then filed "Objections to Respondents' Reply to Petitioner's Response to Order to Show Cause." (D.I. 33). For the reasons discussed below and in the Court's February 20, 2026 Memorandum Opinion, the Court dismisses the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In 1989, a Delaware Superior Court jury found Petitioner guilty of the first-degree rape of his 11-year-old daughter. *See Getz v. Bd. of Parole*, No. 23-3014, 2024 WL 3042385, at *1 (3d Cir. June 18, 2024) ("*Getz 2024*"). The Superior Court sentenced Petitioner to life imprisonment with eligibility for parole after twenty years. *See id.* The Delaware Supreme Court affirmed on direct appeal. *See id.* Petitioner sought but was denied state post-conviction relief. *See id.* In 1997, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254, which this Court denied.[2] *See id.* The Third Circuit Court of Appeals declined to grant Petitioner a certificate of

---

1 Petitioner's response was titled "Petitioner's Motion to Show Cause." (D.I. 31). As the Court had already ordered Petitioner to show cause and the substance of the document is that of a response rather than a motion, the Court construes it as such.

2 Although Petitioner previously filed a habeas petition that was decided on the merits, Respondents correctly acknowledge that the claims in the instant Petition are not barred under 28 U.S.C. § 2244(b) as second or successive because the claims herein were not ripe for review at the time of Petitioner's 1997 petition. *See Magwood v. Patterson*, 561 U.S. 320, 333 (2010) (holding where "there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second

appealability. *See id.* Petitioner filed multiple applications to file second or successive habeas petitions, which the Third Circuit denied. *See id.*

On October 27, 2021, the Board of Parole ("Parole Board") granted Petitioner parole of one year Level IV Home Confinement followed by Level III supervision. *See Getz v. State*, No. 95, 2022, 2022 WL 2813775, at *1 (Del. July 18, 2022) ("*Getz 2022*"); D.I. 19-3 at 89–90. The Parole Board imposed special conditions on Petitioner's parole, including that: (1) Petitioner must undergo a Treatment Access Center evaluation and follow all treatment recommendations; (2) Petitioner's housing must comply with sex offender restrictions; and (3) Petitioner must register as a Tier III Sex Offender. (D.I. 19-3 at 89–90). On October 31, 2021, Petitioner sent a "Petition to Modify Parole Release Conditions" to the Parole Board. (D.I. 19-3 at 91–96). Petitioner asserts that the Parole Board did not respond and there is nothing in the record to indicate otherwise. (D.I. 1 at 13).

On November 8, 2021, Petitioner was released and signed the Sex Offender Conditions of Supervision with a notation that he was signing under duress. *See Getz 2022*, 2022 WL 2813775, at *1; D.I. 19-3 at 102. These additional conditions indicated they were "in accordance with SENTAC guidelines"[3] and included, among other things, that Petitioner had to "participate in a sex offender assessment, evaluation, and treatment . . . including polygraph testing" and that he would be "financially responsible for all evaluations and treatment." (D.I. 19-3 at 102).

On November 22, 2021, Petitioner filed a Motion for Redesignation of Tier Level or to be Relieved from the Sex Offender Registry ("Redesignation Motion") with the Delaware Superior

or successive' at all"); *Hartmann v. May*, C.A. No. 20-33-GBW, 2023 WL 2655188, at *6 (D. Del. Mar. 27, 2023) (finding habeas claims related to violations of probation that occurred after denial of earlier habeas petition were not second or successive).

3 SENTAC is an abbreviation for Sentencing and Accountability Commission.

Court. *See Getz 2022*, 2022 WL 2813775, at *1. In the Redesignation Motion, Petitioner raised a multitude of claims relating to the conditions placed on his parole, including those based on the SENTAC guidelines. (D.I. 19-12, 19-13, 19-14). The State filed a response. *See Getz 2022*, 2022 WL 2813775, at *1. On February 25, 2022, the Superior Court held a hearing at which the court informed Petitioner that "demands that the Court intervene to address certain conditions imposed by an agency should be addressed through the mandamus process rather than through the motion process." (D.I. 19-18 at 15). Accordingly, the Delaware Superior Court did not address all of Petitioner's claims but rather limited its ruling to finding that the Delaware Supreme Court had previously rejected the argument that retroactive application of the sex offender registration and companion requirements violates the Ex Post Facto Clause and that Petitioner failed to satisfy the statutory requirements for redesignation. (D.I. 19-18 at 14–15, 19-20). Although Petitioner raised a number of issues on appeal, the Delaware Supreme Court limited its analysis to: (1) whether "requiring [Petitioner] to register as a Tier III sex offender and comply with the Sex Offender Conditions of Supervision while on parole is a violation of the *ex post facto* clause of the United States Constitution;" (2) whether Petitioner qualifies as a sex offender; and (3) whether "the Board of Parole could not require him to register as a Tier III sex offender." *See Getz 2022*, 2022 WL 2813775, at *1. The Delaware Supreme Court affirmed the decision of Superior Court on July 18, 2022. *See id.* Petitioner filed a Motion for Rehearing En Banc, but the Delaware Supreme Court determined that the motion was untimely and the court no longer had jurisdiction. (D.I. 1-5 at 8–11, 1-2 at 49–50).

After being released, Petitioner refused to comply with some of the conditions placed on his parole. As a result, an administrative warrant for his arrest was executed on January 25, 2022. (D.I. 18-3). On June 20, 2023, the Parole Board held a hearing and revoked Petitioner's parole.

(D.I. 1-6 at 25). In a letter dated June 22, 2023, the Parole Board confirmed the revocation and further informed Petitioner that the Board decided to "[r]eturn [Petitioner] to Level V to complete sex offender treatment programs" and that he would be eligible to reapply for parole after completion of the programs. (*Id.*).

On November 23, 2022, Petitioner filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court alleging various constitutional violations arising out of the imposition of his parole conditions, the revocation of his parole, and the Delaware Supreme Court's judgment regarding his Redesignation Motion. *See Getz 2024*, 2024 WL 3042385, at *1; *Getz v. Del. Bd. of Parole*, No. CV 22-1536 (MN), 2023 WL 3848364, at *1 (D. Del. June 6, 2023) ("*Getz 2023*"). Finding the action was barred by the rule in *Heck v. Humphrey*,[4] the Court dismissed the complaint. *See Getz 2023*, 2023 WL 3848364, at *2. Petitioner was given the option of notifying the Court by July 14, 2023 if he wanted to open a new habeas case and have the § 1983 complaint docketed as the opening filing. *See Getz 2023*, 2023 WL 3848364, at *3; D.I. 1-3 at 4. Petitioner did not pursue that option, but filed a Motion for Reconsideration, which the Court denied on October 23, 2023. *See Getz v. Bd. of Parole*, No. CV 22-1536 (MN), 2023 WL 7751572, at *1 (D. Del. Oct. 23, 2023). On June 18, 2024, the Third Circuit affirmed both the dismissal of the complaint and denial of the Motion for Reconsideration. *See Getz 2024*, 2024 WL 3042385.

Petitioner filed the instant Petition on August 15, 2024. (D.I. 1). As best the Court can tell, the Petition includes the following grounds for relief: (1) the Parole Board's imposition of the Delaware Sex Offender Statute's tier level designation, registration, and other conditions

---

[4] In *Heck*, the United States Supreme Court held that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. *See* 512 U.S. 477, 487-87 (1994).

violates the Ex Post Facto and Due Process Clauses; (2) the Parole Board's requirement that Petitioner register as a sex offender violates his civil rights under the Due Process and Equal Protection Clauses; (3) the Parole Board and probation officer's imposition of SENTAC conditions violates the Ex Post Facto and Due Process Clauses; (4) the Parole Board and probation officer's imposition of the Sex Offender Statute and SENTAC conditions denied Petitioner the right to be at sentencing, the right to have counsel at sentencing, and the right to allocute at sentencing in violation of the Due Process Clause; (5) the Parole Board, probation officer and Department of Justice are agents of the executive branch and encroached on the judiciary by imposing the Sex Offender Statute and SENTAC conditions, violating the Separation of Powers Clause and thereby resulting in a due process violation; (6) the probation officer and treatment counselor's requirement that Petitioner "confess" to the rape violates the First, Fifth, Ninth and Fourteenth Amendments; (7) the probations officer's sanction and violation of parole for failing to "confess" constitutes Double Jeopardy and violates the First, Fifth, Sixth, Ninth and Fourteenth Amendments; (8) the Delaware Sex Offender Statute established two additional elements in the prosecution of a sex offense (that the defendant has a psychological predisposition to reoffend and that the defendant is mentally ill), which the State was not required to prove at the time of Petitioner's trial, thereby denying him due process; (9) the revocation of parole for refusing to "confess" and "take responsibility" and the requirement that Petitioner complete a mandatory treatment program to become re-eligible for parole violates the Ex Post Facto and Due Process Clauses; and (10) the Delaware Department of Correction ("DOC")/JTVCC's classification order requiring Petitioner to participate in a sex offender treatment program "illegally enhanced Petitioner['s] sentence in violation of Art. I §9, §10 Expost [sic] Facto Clause and the Fair Warning Principle of the Fourteenth Amendment Due Process Clause." (D.I. 1 at 9–11, 21–29).

In its February 20, 2026 Memorandum Opinion, the Court calculated the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and determined that Petitioner's claims were untimely even after any applicable statutory tolling was applied. (D.I. 29 at 7–12). The Court ordered Petitioner to show cause why his claims should not be dismissed as time barred and to include any facts he believes entitle him to equitable tolling and/or demonstrate that he falls within the actual innocence exception to the time bar. (D.I. 30). Having raised the limitations issue sua sponte after Respondents had filed an Answer, the Court further ordered Petitioner to indicate if and how the delayed focus on the limitations issue prejudices him. (*Id.*).

## II. DISCUSSION

In his response to the Court's Order to Show Cause, Petitioner does not dispute that his claims were not filed within the limitations period. Rather, Petitioner alleges that: (1) AEDPA's statute of limitations violates the Suspension Clause of the United States Constitution and Petition Clause of the First Amendment (D.I. 31 at 1–2); (2) he is entitled to equitable tolling because he acted with due diligence (*Id.* at 3–6); and (3) that he should not be required to demonstrate actual innocence (*Id.* at 6–8).

### A. Constitutional Claims Regarding AEDPA's Statute of Limitations

#### 1. The Suspension Clause

Petitioner asserts that AEDPA's statute of limitations violates Article I, Section 9, Clause 2 of the Constitution (also known as the Suspension Clause), which provides "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. This argument, however, has been repeatedly rejected by federal courts within this circuit and across the country. *E.g.*, *United States v. Thomas*, No. 3:14-cr-00033, 2024 WL 4702855, at *4 (D.V.I. Nov. 7, 2024) (collecting cases),

*report and recommendation adopted*, 2025 WL 552554 (D.V.I. Feb. 19, 2025); *see also United States v. Bendolph*, 409 F.3d 155, 167 n.18 (3d Cir. 2005) (recognizing that, although Third Circuit has not yet addressed this issue, other courts of appeals have held AEDPA's statute of limitations does not violate Suspension Clause); *Pittman v. Clinton*, 673 F. App'x 139, 140 (3d Cir. 2017) (stating "[c]ourts have repeatedly determined that the time limits imposed by AEDPA are constitutional"); *Nicoloudakis v. Bocchini*, C.A. No. 16-3372, 2017 WL 3701724, at *1 (3d Cir. Feb. 15, 2017) (affirming district court's rejection of constitutional challenges to statute of limitations for filing § 2254 petitions) (citing *Hill v. Dailey*, 557 F.3d 437, 438-39 (6th Cir. 2009)); *cf. Felker v. Turpin,* 518 U.S. 651, 664 (1996) (holding AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ"); *Swain v. Pressley,* 430 U.S. 372, 381 (1977) (holding that Suspension Clause is violated only where habeas corpus is rendered inadequate or ineffective). Accordingly, the Court finds this claim meritless.

**2. <u>The Petition Clause</u>**

Petitioner next argues that AEDPA's statute of limitations "**<u>is an abridgement</u>** of Petitioner's First Amendment Right to Petition [this Court] for a Redress of Grievance [against the Delaware Board of Parole, et al]." (D.I. 31 at 2). This argument has also been rejected by federal courts both in and outside the Third Circuit. *See Nicoloudakis*, 2017 WL 3701724, at *1 (citing *Hill*, 557 F.3d at 438-39, in affirming district court's holding that AEDPA's limitations period is constitutional); *Cody v. Garman*, C.A. No. 19-1347, 2019 WL 3208361, at *2 (E.D. Pa. July 15, 2019) (finding claim that AEDPA's limitations period violates First Amendment right to petition for redress to be meritless); *see also Hill*, 557 F.3d at 438-40 (holding AEDPA's statute of limitations does not violate Petitions Clause); *United States v. Sanchez*, 568 F. App'x 557, 559 (10th Cir. 2014) (same); *Lockett v. Day*, 264 F.3d 1140 (5th Cir. 2001) (same). Consistent with these cases, the Court finds this claim meritless.

**B. <u>Equitable Tolling</u>**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272–73 (3d Cir. 2022) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). In his response, Petitioner alleges that he has acted with due diligence. (D.I. 31 at 3–5, 33 at 1). He does not, however, allege the existence of any extraordinary circumstance that prevented his timely filing. Therefore, even assuming for the sake of argument that Petitioner acted diligently, he has failed to demonstrate that equitable tolling is warranted.

To the extent the list styled "The Court Should Take Notice" – which includes the length of time it took for the Parole Board and various courts to take certain actions or make decisions – can be construed as an allegation of an "extraordinary circumstance," such a claim fails. Petitioner has failed to demonstrate how any of the listed events prevented him from timely filing his Petition. *See Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013) (holding that "for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and the petitioner's failure to file a timely federal petition"). Petitioner also questions whether this Court or the Third Circuit, within the context of his § 1983 action, "state[d] or declare[d] that the habeas petition would be time barred." (D.I. 33 at 1). That issue, however, was not before either court. Furthermore, Petitioner's failure to act upon the Court's offer to treat his § 1983 complaint as the opening filing of a habeas action, to file a mandamus action in state court after being notified by the Delaware Superior Court that some of his claims should be addressed through that process, or to file a protective habeas petition at some point demonstrates a lack of diligence. *See Wallace v. Superintendent Mahanoy SCI*, 2 F.4th 133, 149-50 (3d Cir.

2021) (holding petitioner's failure to file protective federal habeas petition during pendency of his state postconviction proceeding, as described by the Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. at 416–17, undermined his diligence claim); *see also Martin*, 23 F.4th at 273 (providing "lack of legal knowledge or legal training does not alone justify equitable tolling") (quoting *Ross*, 712 F.3d at 799-800, 802).

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that he is entitled to equitable tolling.

**C. Actual Innocence**

Contrary to Petitioner's claims, the Court is not requiring him to prove actual innocence as the standard to review the claims made in his Petition. Rather, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Wallace*, 2 F.4th at 150–151. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To satisfy this extraordinary exception, "a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (*i.e.,* a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace*, 2 F.4th at 151. "The standard does not require absolute certainty of guilt or innocence, but it is demanding and will be satisfied only in rare and extraordinary cases where the evidence of innocence is so strong that it undermines confidence in the trial's outcome." *Id.*

Petitioner has failed to present any new evidence of his actual innocence. The events Petitioner includes arguably to support his claim of actual innocence all occurred during or prior to 1993 and Petitioner does not claim to have recently discovered this information. In fact, Petitioner acknowledges that the information he relies on was included in his first habeas petition

filed in 1997. (D.I. 31 at 7–8). Accordingly, Petitioner has failed to demonstrate the existence of the first element required to satisfy the actual innocence exception to AEDPA's time bar – evidence that is new. Moreover, the information provided includes allegations of prosecutorial misconduct and improper jury instructions, not evidence of his actual innocence. (D.I. 31 at 7–8). To the extent any claim of actual innocence as to his parole violation is relevant, Petitioner does not claim that he is actually innocent of violating his parole.

For the foregoing reasons, the Court finds that the actual innocence exception is inapplicable.

### D. Additional Issues Raised in Petitioner's Objections to Respondents' Reply to Petitioner's Response to Order to Show Cause

In his Objections to Respondents' Reply to Petitioner's Response to Order to Show Cause, Petitioner argues that the Court improperly raised the timeliness of his Petition sua sponte after both the initial screening period and Respondents had filed an answer. (D.I. 33) As indicated in the Court's February 20, 2026 Memorandum Opinion (D.I. 29 at 7 n.4), however, a district court is authorized to raise timeliness sua sponte after respondents have answered a petition without contesting its timeliness. *See Wood v. Milyard*, 566 U.S. 463, 466 (2012); *Day v. McDonough*, 547 U.S. 198, 210 (2006); *In re Rosado*, 7 F.4th 152, 157 (3d Cir. 2021); *Bendolph*, 409 F.3d at 158, 166, 169.

Petitioner further argues that his Petition is "not an abuse of the Writ" because it relates to parole and this is "the first instance [it] has been presented." (D.I. 33 at 2). As explained in Note 2, *supra*, the Court does not view the Petition as an unauthorized second or successive petition. Moreover, this argument is not relevant to the timeliness of his Petition.

### E. <u>Prejudice</u>

When a district court raises the AEDPA statute of limitation issue sua sponte "the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 202; *see also Bendolph*, 409 F.3d at 158 (requiring prejudice analysis when district court raises AEDPA statute of limitations issue sua sponte after initial summary dismissal period). The Order to Show Cause instructed Petitioner to address if and how the delayed focus on the limitations issue prejudices him. Petitioner, however, has not identified, nor does the Court discern, any prejudice resulting from the delayed focus on the issue. Petitioner had an opportunity to respond to the timeliness issue, there is no indication that Respondents acted in bad faith, and the delay in raising the issue had no apparent consequences for Petitioner. *See Bendolph*, 409 F.3d at 161 (identifying examples of factors to consider in analyzing prejudice such as length of delay, if delay resulted in prejudice, whether petitioner had opportunity to respond, and whether respondents acted in bad faith). Therefore, in accordance with "the principles of comity, finality, and federalism" upon which the AEDPA is premised, the Court concludes that the interests of justice are better served by dismissing the petition as time barred. *See Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal quotation marks and citations omitted).

### F. <u>Petitioner's Claim Regarding the DOC/JTVCC Requiring Him to Participate in a Treatment Program</u>

To the extent that Petitioner's claim regarding DOC/JTCVV's requirement that he participate in a sex offender treatment program violates his constitutional rights is separate from his claim relating to the Parole Board's requirement that he participate in such a program, the claim regarding the DOC/JTVCC is not cognizable under federal habeas review. The record reveals that

the sanction Petitioner received for refusing to participate in the treatment program was a "Loss of All Privileges" for a seven-day period. (D.I. 1-6 at 31). Petitioner also alleges that he was reclassified from minimum to medium security because of his refusal to participate in the treatment program. (D.I. 25; D.I. 27). The relief Petitioner requests specifically as to this claim is "[a] Declaration that the DOC/JTVCC cannot impose any condition/treatment that offender was not sentenced to by the sentencing court." (D.I. 1 at 29). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). The challenged conduct of the DOC/JTVCC and the relief requested for this claim relate to the circumstances of Petitioner's confinement but not its validity or duration. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (providing habeas corpus petition is inappropriate means to pursue claim which, if ruled on in favor of petitioner, would not alter his sentence or undo his conviction); *Nicholson v. Carroll*, 458 F. Supp. 2d 249, 250–51 (D. Del. 2006) (holding "challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief"). Therefore, the Court finds this claim noncognizable under federal habeas review.

To the extent that this claim could be construed as a cognizable federal habeas claim, it is nevertheless unexhausted. Although a petitioner's failure to exhaust state remedies will be excused, and the claims treated as "technically exhausted," if state procedural rules preclude him from seeking further relief in state courts, this claim is not clearly foreclosed from review in state court. *See Coleman v. Thompson*, 501 U.S. 722, 732, 750-51 (1991). Therefore, the Court alternatively dismisses this claim without prejudice. *See Lines v. Larkins*, 208 F.3d 153, 163

(3d Cir. 2000) (holding failure to exhaust is not excused "unless state law *clearly forecloses* state court review").

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded the claims in the Petition are either time barred, noncognizable on federal habeas review, or, alternatively, unexhausted. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed above and in the Court's February 20, 2026 Memorandum Opinion (D.I. 29) , the Court dismisses the Petition and denies the relief requested therein without issuing a certificate of appealability. The Court will issue an Order consistent with this Memorandum Opinion.